# Green's Appeal.

Under the Act of 26th March 1827, the five years from the day of entry of a judgment, within which it must be revived by *scire facias*, are exclusive of the day on which the judgment was entered.

THIS was an appeal by Benjamin Green & Son from the decree of the Court of Common Pleas of *Northampton* county, distributing money in court. A judgment was entered up in that court on a bond and warrant of attorney by Philip Sholl against Reuben L. Seip on the 26th March 1836, No. 169 of January term 1836, and revived by agreement dated and filed March 26th 1841, No. 139 of January term 1841. On the 10th September 1840, No. 124 of August term 1840, a judgment was entered against Seip in favour of Benjamin Green & Son, which was revived to January term 1842, No. 165. B. Green & Son claimed to have their judgment first paid, on the ground that Sholl had lost his priority of lien, his judgment not having been revived in time. The court decreed that Sholl's judgment should be first paid; from which decree B. Green & Son took this appeal.

*Maxwell,* for the appellant. The lien of Sholl's judgment expired with the 25th March 1841. Where the limitation is of a certain number of years after a fact, the day of the fact is to be included. 2 *Chitt. Black. Com.* 100; 3 *East* 307; 3 *T. R.* 623; *Doug.* 463. If a present interest is to commence from a date, the day of the date is included. 4 *Wash. C. C. R.* 240; *Lysle* v. *Williams,* (15 *Serg. & Rawle* 137). The computation here is to be made from the act done, viz. the entry of the judgment. *Meason's Estate,* (4 *Watts* 344); *Dietrich's Appeal,* (*Ib.* 208). The design and object of the Act are to be regarded in construing the word "from." *Pugh* v. *Duke of Leeds,* (*Cowp.* 714); *Sims* v. *Hampton,* (1 *Serg. & Rawle* 413). In a question upon the necessity of a revival, this court gave a strict construction to the Act of 1827 in *Ebright* v. *The Bank,* (1 *Watts* 398).

*Hepburn,* contra. The Act of Assembly relates merely to time. It creates no interest, but only limits the lien of a judgment, which was before indefinite: and where that is the sole operation of an Act of Assembly, it is construed so as to exclude the day on which the act is done. This distinction is recognised in *Lysle* v. *Williams,* (15 *Serg. & Rawle* 135). The twenty days given by the Act of 1810 for an appeal, exclude the day on which the award is entered. *Sims* v. *Hampton,* (1 *Serg. & Rawle* 411). So in an

appeal from the judgment of a justice of the peace. *Browne* v. *Browne*, (3 *Serg. & Rawle* 496). Whenever by a rule of court or an Act of the Legislature it is said an act may be done within a given number of days, the day on which the rule is taken or the decision made is excluded. *Goswiler's Estate*, (3 *P. R.* 201). The day of the date from which the time is computed is to be excluded. 11 *Mass.* 204; 5 *T. R.* 283; 2 *Inst.* 674; 1 *Pick.* 485. The distinction is where the computation is from an act done or from a day. 2 *Stark. Ev.* 1399 (782), *title "Time"*; 2 *Bro.* 15. The authorities cited by the other side are doubted in 2 *Chitt. Gen. Pr.* 69, *note*, which cites 15 *Vez.* 248; 9 *Barn. & Cress.* 134.

The opinion of the Court was delivered by

SERGEANT, J.—The question in this case is, whether the word "from," in the Act of Assembly of the 26th March 1827, relating to the duration of the lien of judgments, includes the day on which the judgment is entered or excludes it. The case of *Pugh* v. *Duke of Leeds*, (*Cowp.* 714), overthrew the prior cases that attempted to decide questions of this nature by verbal distinctions between the date and the day of the date, considering them as too subtile and scholastic to be applied to the practical business of life, and decided that "from" may be construed inclusive or exclusive, according to the design and object of the parties to a conveyance, and so as to give validity to acts done with the intention of being valid : and in that case " from" in a lease from the day of the date, was held to be exclusive. Where the word is used by the Legislature, there seems to be equal reason for rejecting minute verbal criticisms, and for resorting to something more reasonable and solid; and we think that where an Act of Assembly requires a thing to be done within a certain time from a prior date, (and perhaps also from a prior act), and the party by not doing it loses his right, as in limitation laws by which a right is to be taken away, there, in relief of the party, and to preserve him from loss, the most liberal construction ought to be chosen, and the furthest time given from which the reckoning is to be made. This principle has been adopted by this court in various cases cited by the counsel, of appeals from a court or justice, or an award of arbitrators, in which the party appealing has been allowed the time prescribed, excluding the day of the judgment or award; and it seems equally applicable to the present case.

Judgment affirmed.