# Clowe's Road.

1. The omission of the Court of Quarter Sessions to fix the width of a road, at the time of confirming the report in its favor, is no reason for rendering the previous proceedings invalid; but the error is corrected by reversing the order, and directing the court, if they will approve of the report, to fix the breadth of the road; and at the next court thereafter, if no sufficient reason be shown, it may be confirmed.

PETITION to review and rescind a former order of this court, made on *certiorari* to the Court of Quarter Sessions of *Allegheny county.*

The facts appear in the opinion of the court, delivered October 27, 1853, by

LEWIS, J.—In this case, the order confirming the report did not fix the width of the road, and for that reason we were obliged to reverse it, but the record was remitted to the Court of Quarter Sessions, with directions to fix the width, &c. We are now asked to review so much of the order, as remits the record to the court of original jurisdiction for further proceedings. The motion has the support of authority, but is opposed by principle, as well as by authorities of more weight than those in its favor. If the court omitted to fix the width of the road at the time of confirming the report in its favor, this may be a good reason why the proceedings should not be finally confirmed, until the parties interested were allowed the time prescribed by the statute for filing exceptions; but it is no reason whatever, for rendering the previous proceedings invalid. The viewers were as discreet, and their report entitled to as much consideration after the omission of the court, as before. Proceedings, *de novo*, would be useless and unnecessary, and therefore entirely unreasonable. An order which burdens the people with the trouble and expense of new proceedings in the place of those already had, and against which no objections exist, stands altogether without justification. The only reason which can be assigned for it, is the provision of the Act of 1846, that "if the court shall approve of the report, they shall direct of what breadth the road shall be opened, and *at the next court thereafter,* the whole proceedings shall be entered on record, and *thenceforth* such road shall be" a public or private road, as the case may be. Adhering to the very letter of the statute, there is no objection to the order made in this case. If the Court of Quarter Sessions omitted to direct the breadth of the road, at the time of confirmation *nisi*, the error is corrected by reversing

the order, and directing the court, if they will approve of the report, to fix the breadth of the road, and "at the next court *thereafter*," if no sufficient reasons are shown, the road may be finally confirmed for public or private use. This course is not only in accordance with the letter of the statute, but with its true intent and meaning, as heretofore expounded. In *The Middle Creek Road*, 9 Barr, 69, it was declared by this court that "the object of the law is to give the period of a vacation between term and term, *after the width is fixed by the court;*" "should this be neglected, the parties interested" are to be allowed time to file exceptions, "until a term has intervened after the width is ascertained;" and for this purpose the order to open the road was in that case quashed, and the record remitted for further proceedings. The same principle governed the case of *The Road in Whitemarsh and Springfield Townships*, 5 Id. 101. In that case the order was reversed, and the record remitted, with directions to re-fix the breadth. These decisions being founded on sound principles, convenient and least expensive in practice, and perfectly in accordance with the true intent of the law, far outweigh the cases in which the court were misled by imaginary difficulties, in matters of form. The order of this court, made on the 15th of September, 1853, is, in our opinion, correct; and the motion to rescind it is therefore overruled.