**In the matter of the petition for the public road in the Borough of Minersville leading from Third street to Railroad street.**

Opinion delivered Aug. 12, 1872, by

WALKER, J.—Nine exceptions to the confirmation of this report have been filed by Ann Sixsmith, a property-holder on the proposed street.

The first is, that the Court has no jurisdiction to lay out a new road over the bed of an old one.

There is some evidence that part of the proposed road runs over an old street, but the weight of the testimony establishes the fact that it was

used by property-holders for themselves, and that it was never regarded as a public road, or opened or repaired by the borough. But even if it were, the Court could still lay out a new road over the bed of an old one already laid out and opened.

"To reaffirm a part of a road already laid out and opened may be unnecessary, but what harm can it do."—Gibson, C. J. ; West Chester Road, 2 Rawle 422. And, although this decision has been qualified in Noble Street, 5 Wharton 334, on account of the uncertainty necessarily arising from laying out a narrow over a broader street, and the difficulty of property-holders to adjust the fronts of their houses, it in no way impairs the force of the reason given or changes the conclusions. Neither does the case of Milford Road, 4 Barr 303, cited by the exceptant, alter the result, for in that case the petition was to open the whole street previously dedicated to public use ; here it is only for a part that cannot be excluded without manifest inconvenience. Neeld's Road, 1 Barr 353, and Boyer Road, 1 Wr. 257, also cited by exceptant, were both cases of private roads which the Supreme Court say interfered with the public road, and therefore was illegal. Then, again, the West Chester road case, upon which this ruling is made, has been re-affirmed in Hellertown Road, 5 W. & S. 204, and in the State Road, 8 Barr 485.

At first blush, these rulings appear to be conflicting, but this is really not the case. The same line of argument employed to support the one is used to enforce the other, and the reasoning in all is consistent. And, although there are nice legal distinctions, the principle invoked is now marked and apparent ; and this is more than can be said of many of the decisions of the Supreme Court, for the rule of "*Stare decisis,*" the old watchword of the Judges, is now often relaxed.

This exception, together with the second one, (which is in substance the same,) is overruled.

The third exception relates to notice of the viewers to the Clerk, under the rules of Court, page 22, sec. 80. The object of this rule is to furnish information of the view to the members of the borough council, so that they may attend at the time and place mentioned. As the evidence shows that the street committee did attend the view, it is a waiver of notice.—Stroup *v.* McClure, 4 Yeates 523 ; Roach *v.* Becker, 12 S. & R. 421 ; Zion's Church *v.* St. Peter's, 5 S. & R. 215 ; Dewart *v.* Purdy, 5 Casey 113, and their acquiescence is presumed in the absence of exceptions by them to the report. Besides, the exceptant has no ground of complaint. She is not prejudiced, and therefore this exception is overruled.

The fourth exception relates to the grade. The report sets forth that the road is laid out at an elevation not exceeding five degrees. The evidence of Mr. Lewis shows that in some places it does not exceed that. This we do not think important, as the act of 16 June, 1836, (Purd. Dig., p. 871, pl. 3,) only requires this to be done "whenever practicable."

The fifth is as to the route. The legal requirements are shown affirmatively by the report.—Extension of Second Street, 11 Harris 346.

The sixth exception is withdrawn.

The seventh and eighth exceptions involve the question of the time of holding the Court of Quarter Sessions since the passage of the acts of Assembly of 18 April, 1867, and of 21 April, 1870, P. L. 1254. We have before decided that these acts did not in any way affect the power of the Court of Quarter Sessions in road cases, nor alter the time of holding these Courts for that purpose.

These acts, creating the Criminal Court of this county and defining its jurisdiction, confer certain powers upon that tribunal for the trial of criminal causes. And under the decision of Supreme Court in Commonwealth v. Green, 8 P. F. Smith 226, concurrent jurisdiction is given with the Quarter Sessions in the specific criminal cases mentioned in the act, including the granting of licenses, for the Legislature cannot abolish the Quarter Sessions or divest its entire jurisdiction. And nowhere did these acts of Assembly repeal by express enactment or by implication the act of 5th April, 1849, (P. L. 368; Purd. Dig. 157, Pl. 91), and the 46th section of the act of 14th April, 1834 (Purd. Dig. p. 828, Pl. 5), relative to the holding of the Courts of Common Pleas and Quarter Sessions in March, June, September and December of each year, in the county of Schuylkill, *so far as road cases are concerned.* The record shows that the viewers were appointed in open Court on the 14th August, 1871, and that they filed their report on 4th September, 1871. This was regular and in accordance with the provisions of the act of Assembly and the rules of the Court.

The exceptions are, therefore, overruled. The last exception, relative to furnishing refreshments, appears to be abandoned, as no evidence is offered to sustain it, neither is it material under the ruling of Plymouth Tp. Road, 5 Rawle 150.

The report is, therefore, confirmed.

Messrs. *Seth W. Geer* and *David A. Jones* for petitioners; Messrs. *Whitney* and *Wells* for exceptant.