## Menges *et al. versus* Frick *et al.*

1. A debt was due October 6th 1862, suit was brought October 6th 1868; *Held*, not barred by the statute.

2. When suit is brought within six years after the day on which the cause of action arose that day is to be excluded from the computation.

3. When a thing is to be done within a certain time from a prior date and the party is deprived of a right by its omission, the day from which the count is to be made is excluded from the computation.

January 29th 1873. Before READ, C. J., AGNEW, WILLIAMS and MERCUR, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Union county:* No. 77½, to July Term 1872.

This was an action of assumpsit brought October 6th 1868, by John Menges and Solomon Menges against Henry Frick and others, trading as Frick, Billmeyer & Co. The cause of action was a book-account for lumber furnished by the plaintiffs to the defendants. The declaration was in the common counts; the plaintiffs also filed a copy of their account, charging defendants with lumber furnished them. The account was :—

[Menges *v.* Frick.]

"Lewisburg, October 7th 1862.

"Frick, Billmeyer & Co. bought of John & Sol. Menges.

1862.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| June 8. | Timber, | * * * | . | . | . | $88.23 | |
| Oct. 6. | Timber, | * *. * | . | . | . | . 147.36 | |
| | | | | | | | ———— $235.59 |
| June 8. | By Cash, | . | . | . | . | . $50.00 | |
| Sept. 24. | Do. | . | . | . | . | . 100.00 | |
| | | | | | | | ———— $150.00 |

Due, . . . . . . . . $85.59

The pleas were non assumpsit, set-off and the Statute of Limitations.

The case was tried February 22d 1871, before Woods, P. J.

The plaintiffs gave evidence that the foregoing account was in the handwriting of a clerk of the defendants, and had been handed to the plaintiffs as a copy taken from defendants'. books.

The defendants gave evidence that they had bought the timber in the foregoing bill from John Menges alone, and their firm had never had a contract for timber with John and Solomon Menges until October 1862; defendants' books showed no entry of an account with them.

Defendants' books showed this account:—

"Oct. 6th '62, John Menges,          Cr.

| | | | | |
|---|---|---|---|---|
| By 783 ft. oak on June 8th 1862, | C.H. | . | $ 86.13 | |
| " 30 ft. pine " " " " | 7c. | . | 2.10 | |
| " 551 ft. " Oct. 6th 1862, | 7c. | . | . | 38.57 |
| " 989 " oak " " " | 11c. | . | . | 108.79 |
| | | | ———— | |
| | | | $235.59" | |

Both parties gave other evidence in support of their respective cases.

The following are points of the plaintiffs with their answers:—

2. Even if the timber was to be paid for on the day of delivery (October 6th 1862), the defendants had the whole of that day to make payments, and plaintiffs could not sue until the next day, (October 7th 1862), from which latter date the statute would begin to run, and is no bar.

Answer: "Where personal property is sold and nothing said as to the time when it is to be paid for, it is payable immediately on the delivery, and an action would accrue immediately, and the party delivering the goods need not wait until the next day to. bring suit, if the purchaser does not pay for the property at once on the delivery. We therefore refuse to answer this point as requested."

[Menges v. Frick.]

3. The statute in this case could not commence running until the plaintiffs' right to institute suit had arrived, which in no event was prior to the 7th of October 1862, and the statute is therefore no bar to plaintiffs' recovery.

Answer : " The first part of this point is correct, to wit : ' That the statute in this case did not commence running until the plaintiffs' right to institute suit had arrived,' but we cannot say that this right did not commence before the 7th day of October 1862."

The defendants' point and the answer were:—

The proof being clear and undisputed, that the last item in plaintiffs' claim was October 6th 1862, and the suit was instituted on the 6th day of October, 1868, which was one day too late, and the verdict must be for the defendants.

Answer : " This is so, and we answer it as requested."

The court charged :—

" The defendants rely for their defence mainly on the Statute of Limitations. From the showing of the plaintiffs this would be an available defence for this action, and the plaintiffs cannot recover the account claimed. We have answered the points of both plaintiffs and defendants to this effect."

The verdict was for the defendants ; the plaintiffs took a writ of error, and assigned for error the answers to the points and the charge of the court.

*G. F. Miller* (with whom was *J. Porter*), for plaintiffs in error. —In computing the time for the running of the Statute of Limitations, the day on which the debt fell due is to be excluded : Overton *v.* Tyler, 3 Barr 346 ; Sims *v.* Hampton, 1 S. & R. 411 ; Cromelien *v.* Brink, 5 Casey 522 ; Pugh *v.* Duke of Leeds, Cowper 714 ; Webb *v.* Fairmaner, 3 M. & W. 473 ; Young *v.* Higgon, 6 Id. 49 ; Robinson *v.* Waddington, 13 A. & E. (N. S.) 753 : Green's Appeal, 6 W. & S. 327 ; Marks *v.* Russel, 4 Wright 372.

*J. M. Linn*, for defendants in error.—The suit must be commenced within six years from the time the cause of action accrues : Vanhorn *v.* Scott, 4 Casey 316 ; Overton *v.* Tracey, 14 S. & R. 311. This is, therefore, to be taken to be the understanding of the parties : Thompson *v.* Ketcham, 8 Johns. 189. The presumption is that payment for goods sold is to be on demand : Warren *v.* Wheeler, 8 Metc. 97. The statute runs from the date of a note payable on demand : Tidd's Prac. 17 ; Taylor *v.* Whitman, 3 Grant 138 ; Girard Bank *v.* Penn Township Bank, 3 Wright 92 ; 2 Kent Com. 496. The defendants had not the whole of October 6th to pay, but were bound to pay immediately : Presbrey *v.* Williams, 15 Mass. 193 ; Glassington *v.* Rawlins, 3 East 407.

[Menges *v.* Frick.]

The opinion of the court was delivered May 17th 1873, by

WILLIAMS, J.—The only question necessary to be considered in this case is, was the plaintiffs' action barred by the Statute of Limitations? The last item of timber in the account sued on was delivered on the 6th of October 1862, and the action was commenced on the 6th of October 1868. The act provides that actions for account shall be commenced and sued "within six years next after the cause of such actions or suit, and not after." There can be no doubt that the cause of action in this case arose on the day the timber was delivered. If that day is to be excluded from the reckoning, the six years had not expired when the suit was commenced. But why, even if the words of the act are to receive a strict and literal construction, should it not be excluded? "Within six years next after the cause of action or suit," as applied to the facts of this case, must necessarily mean within six years next after the day on which the timber was delivered. The day of the delivery must, therefore, be excluded in counting the time within which the action may be brought. If suit may be commenced within six years next after the day on which the cause of action arose, then it is too plain for argument that that day is not to be included in the computation. But if there could be any doubt as to the proper construction and meaning of the act, the rule must now be regarded as settled that when an Act of Assembly requires a thing to be done within a certain time from or after a prior date, and deprives the party of a right for omitting it, the most liberal construction is to be chosen, and the furthest time given from which the reckoning is to be made. In other words, the day from or after which the count is to be made, is to be excluded in computing the time within which the act may be done: Green's App., 6 W. & S. 327; Cromelien *v.* Brink, 5 Casey 522; Marks's Ex. *v.* Russell, 4 Wright 372; Brisben *v.* Wilson, 10 P. F. Smith 452; Duffy *v.* Ogden, 14 Id. 240. The court below was, therefore, in error in instructing the jury that the Statute of Limitations is an available defence to this action, and the plaintiffs cannot recover the account claimed.

Judgment reversed, and a *venire facias de novo* awarded.