## In the Court of Common Pleas of Schuylkill County.

## GASS *v.* THE SCHUYLKILL IRON CO.

**Application for a Stay of Execution.**

Appearance is a waiver of notice to appear in an application for a stay of execution.

In calculating the 30 days allowed by law to enter bail for a stay, the day on which judgment is entered is excluded.

Opinion delivered June, 1874, by

WALKER J.   On June 29, 1874, judgments were taken against the defendent in both these cases, and on July 29, 1874, the parties by their counsel, appeared before me at Chambers, and the defendant offered Jno. Beury as bail for a stay of execution.   The 31st rule of Court requires twenty-four hours notice to the opposite party in an application for a stay of execution of the person to be offered and of the time and place.   This was not given until a few hours before the meeting, but the counsel of all the parties appeared at the time and place named, and the bail was offered and objected to by plaintiff for the following reasons, to wit:

1st. That the motion was not given   in accordance   with the rule of Court.

2nd. That the bail was not   entered within the 30 days required by Act of Assembly.

As to the first objection the plaintiffs   say that   they   appear by their counsel only for the purpose of objecting to the entry of the bail.

The only object of the rule   of Court   is to   give sufficient notice to the plaintiff of the approval of the   bail to enable   him   to object to its entry either on the ground of insufficiency, or for any other legal reason. The Act of Assembly confers the   right, and   is a   privilege (12 S. & R. 416) and the rule of Court prescribes the time.

The counsel having appeared at the time and place mentioned in the notice, their objection that they had   not 24   hours notice is   immaterial, and   is cured by their   appearance and   a waiver of the time.   Stroup v. McClure, 4 Y. 523 ; Shrober   v. Mather, 13 Wr. 21 ; Zion's Church v. St. Peter's, 5 W. & S. 215 ;   Hatch v. Stett, 16 P. F. S. 264 ; Minersville Road case, 1 Foster 6.

To sustain the objection it is urged that the act of June 16, 1836, relative to execution (Purdon's Dig. 634, pl. 5) requires bail to be given and approved during *thirty days,* and that a stay of execution being a privilege in derogation of the common law rights of the plaintiff, that act must be construed strictly, and also in computing the time, the day on which the judgment is entered (to wit, the 29th of June) must be included, and the case of the Erie Bank v. Compton 3 C 195, is relied on as determining this

point. But I am of the opinion, that only decides, that bail entered *32 days* after judgment is not with in the prescribed time. The only question is *should the day on which the judgment is entered be included in the 30 days?*

Judge Porter in Cromlien v. Brenk 5 C. 525, when speaking of the two years given to redeem land sold for taxes, reviews the whole question of time mentioned in the statutes, and says "If the day of redemption were fixed at one day after the day of sale, that day could not be the day of the sale, for it might be made at the last moment of the ·day, and the owner being thus prevented from tendering on that day would lose his right; the time mentioned must therefore be the following day, *so of one year and of two years.*"

See the numerous authorities collected by his honor in the case referred to. In addition to this I am informed that the practice in this county has been in accordance with this view. I therefore think that the defendant has brought himself within the provisions of the act, and the bail offered being sufficient it is therefore approved.