### In re MARTIN, Bankrupt.

(District Court, W. D. Pennsylvania. October 18, 1880.)

1. MECHANIC'S LIEN — COMPUTATION OF TIME. — In computing the six months within which a mechanic's lien can be filed, under the statutes of Pennsylvania, (Purd. Dig. 1034, pla. 44, 46,) either the day on which the last work is done, or the day on which the claim is filed, must be excluded.

Sur exceptions to the report of the commissioner distributing proceeds of real estate.

————, for plaintiff.

————, for defendant.

ACHESON, D. J. I have carefully read and considered the testimony in this case and briefs of counsel submitted to me, and am of opinion that the commissioner was right in his finding that the last work by Dyer Loomis, the mechanics' lien creditor, upon the bankrupt's building, under the original contract, was done on October 5, 1874. It is true, the raising of the party wall seven feet above what was called for by that contract was for the accommodation of Chambers, the adjoining owner and builder, and was in pursuance of an independent contract between him and the bankrupt. But the raising of that wall merely postponed the work of topping out the chimneys on the party wall until it was carried up the additional height. By the clear preponderance of the evidence it appears that on October 5, 1874, the chimneys were topped out, and also some filling in, or chinking, done under the frieze. This work was certainly necessary to complete the original contract, for without it the bankrupt's house would have been unfinished.

But, as the claim was not filed until April 5, 1875, it is strenuously contended that the lien was lost. To this, however, I cannot assent. By section 14 of the mechanics' lien law of June 16, 1836, (Purd. 1033, pl. 44,) the lien remains "until the expiration of six months after the work shall have been finished or materials furnished, although no claim shall have been filed therefor; but such lien shall not continue longer than the said period of six months, unless a claim be filed as aforesaid, at or before the expiration of the same period." The phraseology of the act of April 14, 1855, (Purd. 1034, pl. 46,) is somewhat different, but manifestly it made no change in the law in respect to the time for filing the claim. Its purpose was merely to link together the items of an account where there was no contract for the whole, or no order which would embrace the whole within a single undertaking. *Diller* v. *Burger*, 68 Pa. St. 432. Clearly, in computing the six months under these two recited acts, either the day on which the last work is done, or the day on

v.4,no.3—14

which the claim is filed, must be excluded. Therefore, the claim here, filed April 5, 1875, was in time.

This construction of the mechanics' lien law is in accord with all the later authorities upon the vexed question of the computation of time. *Cromelien* v. *Brink*, 29 Pa. St. 524. Thus it was decided in *Green's Appeal*, 6 W. & S. 327, that under the act of the twenty-sixth of March, 1827, the five years from the day of the entry of a judgment within which it must be revived by *scire facias*, are exclusive of the day on which the judgment was entered. And in *Menges* v. *Frick*, 73 Pa. St. 137, it was held that where a debt was due October 6, 1862, suit brought October 6, 1868, was in time to escape the bar of the statute of limitations. "Time is to be computed excluding the day on which the act is done from which the count is made," is the rule as expressed in *Brisben* v. *Wilson*, 60 Pa. St. 452.

As respects credits, it seems to me the commissioner has made all proper allowances, and correctly reports the balance due on this lien.

And now, October 18, 1880, the exceptions to the commissioner's report are overruled, and said report, and the distribution therein made, confirmed absolutely.