In re BABJAK.

(District Court, W. D. Pennsylvania. February 18, 1914.)

No. 10,253.

TIME (§ 9*)—EXCLUSION OF LAST DAY.

    Naturalization Law (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1911, p. 529]) § 4, provides that, not less than two, nor more than seven, years after an alien has made his declaration of intention, he shall make and file a petition in writing for naturalization. *Held* that the day of the date of the declaration should be excluded in computing the seven-year period, and hence a petition for naturalization filed on the seventh anniversary of that date was in time.

    [Ed. Note.—For other cases, see Time, Cent. Dig. §§ 11–32; Dec. Dig. § 9.*]

Application of Janos Babjak for citizenship. Objection to petition overruled.

W. M. Ragsdale, Chief Naturalization Examiner, of Pittsburgh, Pa., for the United States.

ORR, District Judge. The question raised in this case is whether or not this court can issue a certificate of naturalization to the peti-

tioner because his petition was filed on October 6, 1913, and is supported by a declaration of intention made October 6, 1906. The naturalization examiner suggests that more than seven years elapsed between the ·filing of the declaration of intention and the filing of the petition for naturalization, and that therefore, under the second paragraph of section 4 of the Naturalization Law of June 29, 1906, this court is without jurisdiction to entertain the petition. The material part of that paragraph is as follows:

"Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing"

—being the petition for naturalization. The court has before it, therefore, the question as to the computation of time in view of the provisions and purposes of the act of Congress.

An examination of numerous decisions relating to computations of time leads to a conclusion that there is no fixed rule. In Griffith et al. v. Bogert et al., 59 U. S. 158, 163 (15 L. Ed. 307), Mr. Justice Grier, in delivering the opinion considering the subject, uses this language:

"It would be tedious and unprofitable to attempt a review of the very numerous modern decisions, or to lay down any rules applicable to all cases. Every case must depend on its own circumstances. Where the construction of the language of a statute is doubtful, courts will always prefer that which will confirm rather than destroy any bona fide ·transaction or title. The intention and policy of the enactment should be sought for and carried out. Courts should never indulge in nice grammatical criticism of prepositions or conjunctions, in order to destroy rights honestly acquired."

That language is approved by the Supreme Court speaking by the learned Chief Justice Fuller in Taylor v. Brown, 147 U. S. 640, 645, 13 Sup. Ct. 549, 37 L. Ed. 313. The learned Chief Justice uses this language (147 U. S. page 644, 13 Sup. Ct. 549, 551 [37 L. Ed. 313]):

"While it is desirable that there should be a fixed and certain rule upon this subject, it must be conceded that the rule which excludes the terminus a quo is not absolute, but that it may be included when necessary to give effect to the obvious intention."

Turning to the Naturalization Act, we find that it is intended by Congress to confer upon aliens who are eligible the great privilege of citizenship. The steps to be taken by the alien are to be taken in the courts. His declaration is to be made before a clerk of the court; his petition is to be presented to the court; his petition is to be supported by proper testimony; and judicial action is necessary to complete the act of naturalization. The various steps in the proceeding are prescribed for the benefit of the applicant. There is a grant to him of a privilege. Two years after he has declared his intention of becoming a citizen, he has a right to present his petition for citizenship. If he believes that the five years within which he may present his petition will not expire until the seventh anniversary of his making his declaration—in other words, that the seven years prescribed by the act will not expire until after the seventh anniversary of the

time of making his formal declaration—should the court by a grammatical criticism destroy his privilege?

Taking the words, "not less than two years," and the words, "nor more than seven years," in conjunction with the word "after," we see at once that there must be a different method of computation adopted. We find the statement made by Mr. Justice Story in Arnold v. United States, 13 U. S. (9 Cranch) 104, 119 (3 L. Ed. 671) that "it is a general rule that where the computation is to be made from an act done, the day on which the act is done is to be included." He was considering an act of Congress which provided for certain duties "from and after the passage of this act." Other cases could be cited to the same effect construing acts of Congress where similar language has been used. There is no reason why Congress did not intend by the language "not less than two years" to include the date in which the declaration of intention was made. At that time the first step to acquire the privilege granted by Congress has been taken, and we feel that in this respect it is in the interest of justice, and within the intent of Congress, that the terminus a quo with respect to the period of two years should be included, and therefore the petition may be filed on the second anniversary at the earliest. If, however, the terminus a quo is to be included in computing the period of seven years, then the seven years would elapse the day before the seventh anniversary, and a petition filed on the seventh anniversary would be too late because more than seven years would have elapsed. The distinction should be made between the computation of the time within which a right may begin and the computation of the time within which a right shall end. The method of arriving at the computation is to be in the interest of the person affected by it. The United States is the interested party in legislation with respect to duties, and therefore it is well that the terminus a quo should be included.

In Griffith v. Bogert, supra, there was under consideration a law of Missouri which allowed lands of a deceased debtor to be sold under execution, but prohibited it from being done until after the expiration of 15 months from the date of the administration upon his estate. Letters of administration were dated on the 1st of November, 1819, and a sale took place on the 1st of May, 1821. It was held that the sale was valid. There the terminus a quo was included. That was the earliest date at which the right to sell arose.

In Taylor v. Brown, supra, there was under consideration a section of the act forbidding the alienation of public lands acquired by an Indian, which provided that lands so acquired should remain inalienable for a period of five years from the date the patent issued therefor. The patent was issued June 15, 1880. The deed was made and recorded June 15, 1885. The court sustained the deed and included the terminus a quo.

Taking up the limitation as to when the right to file the petition would expire, we are constrained to believe that the terminus a quo should be excluded.

In re Martin (D. C.) 4 Fed. 208, Judge Acheson had under consideration the computation of time in the consideration of the mechan-

ic's lien law of Pennsylvania, which provided for a lien for six months after the work shall be completed, but further provided that:

"Such lien shall not continue longer than the said period of six months, unless a claim be filed as aforesaid, at or before the expiration of the same period."

He held that where the last work had been done on October 5, 1874, and the claim filed April 5, 1875, that the lien was not lost. He uses the following language:

"This construction of the mechanic's lien law is in accord with all the later authorities upon the vexed question of the computation of time. Cromelien v. Brink, 29 Pa. 524. Thus it was decided in Green's Appeal, 6 Watts & S. [Pa.] 327, that under the act of the twenty-sixth of March, 1827, the five years from the day of the entry of a judgment within which it must be revived by scire facias are exclusive of the day on which the judgment was entered. And in Menges v. Frick, 73 Pa. 137 [13 Am. Rep. 731], it was held that where a debt was due October 6, 1862, suit brought October 6, 1868, was in time to escape the bar of the statute of limitations. 'Time is to be computed excluding the day on which the act is done from which the count is made' is the rule as expressed in Brisben v. Wilson, 60 Pa. 452."

While there is no fixed rule for the inclusion or exclusion of the terminus a quo in the computation of time, there does seem to be the view that the dies quo shall be either included or excluded, as the case may be, in order to preserve some right which otherwise would, be destroyed. Applying this rule to the case before us, we believe that the day of the date of the declaration should be excluded in computing the seven years, and that, inasmuch as the petition was filed upon the seventh anniversary of that date, it should be received by the court.