## In re PUGLISI.

(District Court, E. D. Pennsylvania. February 23, 1916.)

No. 20399.

TIME ⚙═11—COMPUTATION—DISREGARDING FRACTIONS OF A DAY—"TWO YEARS."

Under the statute, requiring applications for admission to citizenship to be filed not less than two years nor more than seven years after the making of the declaration of intention (Act Cong. June 29, 1906, c. 3592, § 4, 34 Stat. 596 [Comp. St. 1913, § 4352]), where a declaration of intention was dated October 16, 1912, and the petition for citizenship was dated October 15, 1914, jurisdiction would be entertained, as the day of

filing is to be included or rejected with a view to the entertaining of jurisdiction, and Congress is presumed to have intended the act to be construed in view, of the principle of law that fractions of a day are not regarded.

[Ed. Note.—For other cases, see Time, Cent. Dig. § 53; Dec. Dig. ☞11.]

Application by Antonio Puglisi for citizenship. On hearing on petition and proofs. Applicant admitted.

Antonio Puglisi, in pro. per.
Thomas B. Shoemaker, Chief Nat. Examiner, for the United States.

DICKINSON, District Judge. This case involves the vexing question of the computation of time. The proofs submitted by the applicant are in all respects satisfactory except that it is objected he is one day too soon in his application. His declaration of intention bears the filing date of October 16, 1912. The like date of his petition is October 15, 1914. The act of Congress requires the application to be made within the limits of two and seven years from the time of the declaration of intention is made. The point is of little real value to the parties concerned and of no value as a precedent as, however the computation is made, it would be nothing more than a construction of the act of Congress. No cases would arise of like kind unless the petitions were (as this was) filed without the date having been noticed. The real fact is that the time limit expired with the last instant of the 15th of the month. Upon the principle that the law does not regard fractions of a day a thing done at any time during the day is in legal effect done on the last instant of the day. Hence we have the phenomenon that a person attains his majority on the day before the anniversary of his birth. If this is the principle to be applied, the petition is not ahead of time. If the same principle were applied at the close of the period, the time is extended one day. The real inquiry here is, of course, into the declared will of Congress. The words used in the act can be given a construction which would call for the sixteenth as the earliest date of application. The plain truth doubtless is that such is the literal meaning. Congress, however, is presumed to have chosen its words with the legal rule of the computation of time in mind. It therefore is presumed to have intended the act to be so construed unless it has been made clear, not that the application might be made at the expiration of the two-year period, but that it could not be made until a day two years after the day of the date of the application if, indeed, even this phraseology would make the intention clear.

On the whole the computation to be adopted is that applied by Judge Orr in the case of the James Babjak (D. C.) 211 Fed. 551, application. It is that the date of filing is to be included or rejected in the count with a view to the entertaining of jurisdiction by the court. He, therefore, admitted as in time an application which otherwise would have been a day late. By the same rule we are constrained to admit an application which otherwise would be a day too soon.

Let the applicant be admitted upon taking the required oath.